**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **ANDREW J. O'CONNOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **NO. CV 05-820 RB/WPL** |
| ) | |
| **THE FLORIDA BAR,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's (The Florida Bar) Motion to Set Aside Entry of Default and Dismiss Case (Doc. 11). Plaintiff (Andrew J. O'Connor) filed two responses (Doc. 17; Doc. 24). Having considered the submissions, and being otherwise fully advised, I hereby grant Defendant's Motion to Set Aside Entry of Default and, because no subject matter jurisdiction lies, dismiss Plaintiff's Complaint. *See* U.S. CONST. amend. XI.

**I.      Background.**

Plaintiff filed this case on July 29, 2005, alleging civil rights violations pursuant to 42 U.S.C. § 1983 (1996). Therein, Plaintiff alleged that Defendant - an "official arm of the Florida Supreme Court" that "regulates the practice of law" and, therein, "enforces the rules of professional conduct" in Florida - violated his Fifth, Sixth, Eighth and Fourteenth Amendment rights by wrongfully initiating a "baseless and frivolous disciplinary action" and, consequently, suspending his license to practice law in the State of Florida. (Compl. at 2; Def.'s Mem. Supp. Mot. to Set Aside Default at 2.)

While it appears the parties' relationship has long been contentious, this case stems chiefly

1

from Plaintiff's application to the New Mexico Supreme Court for a limited license to practice law. (Compl. at 2; *see also* Def.'s Mem. Supp. Mot. to Set Aside Default at 2.)  New Mexico permits attorneys, licensed in other states, to apply for a limited license to practice law in New Mexico. (Comp. at 6.)  Plaintiff was admitted to the state bar of Florida in 1990. (Compl. at 2.)  In 1992, Defendant entered an "emergency suspension" of Plaintiff's license to practice law in Florida. (Compl. at 3.)

In filing his January 2002 application to the New Mexico Supreme Court, Plaintiff attached a copy of his Florida Bar card. (Compl. at 6; *see also* Def.'s Mem. Supp. Mot. to Set Aside Default at 2.)  Defendant, when contacted regarding Plaintiff's application, informed the Clerk of the New Mexico Supreme Court that Plaintiff's Florida license was under "emergency suspension."[1] (Compl. at 6; *see also* Def.'s Mem. Supp. Mot. to Set Aside Default at 2.)  Thereafter, Defendant initiated a complaint against Plaintiff, for allegedly having made a "false statement of material fact" to the New Mexico Supreme Court in "equating his status as an inactive member of the Florida Bar for medical incapacity" to "being a member in good standing." (Def.'s Mem. Supp. Mot. to Set Aside Default at 3.)  Apparently, the Clerk issued Plaintiff a limited license to practice law in New Mexico. (Compl. at 6.)

## II. Procedural posture.

Plaintiff, as noted *supra*, filed the instant case on July 29, 2005.  On September 21, 2005, the Clerk of the United States District Court for the District of New Mexico filed an "Entry of Default." (Clerk's Entry of Default [Doc. 22].)  That same day, Defendant, through its counsel, entered an

---

[1] Plaintiff's Complaint averred that Defendant's statement to the Clerk was incorrect and that, in fact, Plaintiff was *not* under an "emergency suspension" in 2002. (Compl. at 7.)

appearance in this matter.[2]  (Def.'s Entry of Appearance [Doc. 21].)

### III.    Legal Analysis.

At the outset, it bears noting that it is not clear if Plaintiff is proceeding pro se in this matter, or instead, is a licensed attorney representing himself.  That is, the status of Plaintiff's Florida law license is disputed by the parties.  Accordingly, the Court, erring on the side of caution, will treat Plaintiff as a pro se litigant for purposes of resolving the pending motion.  Plaintiff's "pleadings and other papers" will be construed "liberally and hold them to a less stringent standard than those drafted by attorneys."  *See Guttman v. Silverberg*, No. 05-2180, 2005 WL 3462805, *1 (10th Cir. Dec. 18, 2005); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) (noting that the *Haines v. Kerner*, 519 U.S. 519 (1972), rule "applies to all proceedings involving a pro se litigant").

#### A.    FED. R. CIV. P. 55(a) Entry of Default will be set aside.

Fed. R. Civ. P. 55(a) provides that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a).  An entry of default may, however, be set aside by the court for "good cause shown."  Fed. R. Civ. P. 55(c).  Lack of subject matter jurisdiction constitutes "good cause" for Fed. R. Civ. P. 55(c) purposes.  *See Guttman*, 2005 WL 3462805, *1.  The Court of Appeals for the Tenth Circuit has explained that "because '[a] judgment is void when a court enters it lacking subject matter jurisdiction,'. . . it follows that lack of subject matter jurisdiction constitutes good cause to set aside

---

[2]Because the Court finds that no subject matter jurisdiction lies, *see infra* Part III, the Court need not address the parties' respective positions regarding the propriety of the entry of default. (*See e.g.*, Def.'s Mem. Supp. Mot. to Set Aside Default at 3 (arguing, *inter alia*, that Defendant timely and properly waived service pursuant to FED. R. CIV. P. 4(d)(3)); *see also, e.g.*, Pl.'s Resp. to Mot. to Set Aside Default at 3 (arguing, *inter alia*, that Defendant failed to "plead or otherwise defend" as required by FED. R. CIV. P. 55).)

an entry of default leading up to the entry of a default judgment." *Id.* (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir.1986)); *see also* FED. R. CIV. P. 12(h)(3) (court must dismiss an action whenever it appears that the court lacks subject matter jurisdiction).

Here, there is "good cause" to set aside the default judgement because, as discussed *infra* Part III.B., this court lacks subject matter jurisdiction over the instant case. *See Guttman*, 2005 WL 3462805, *1 (no abuse of discretion "in setting aside the entry of default for good cause based on the lack of subject matter jurisdiction").

**B.     Complaint will be dismissed because no subject matter jurisdiction lies.**

"Whether a defendant is immune from suit under the Eleventh Amendment" pertains to a federal court's "subject matter jurisdiction." *Murray v. Colorado*, No. 04-1376, 149 Fed. Appx. 772, 774 (10th Cir. Sept. 6, 2005) (citing *Thompson v. Colorado*, 278 F.3d 1020, 1023-24 (10th Cir. 2001)). The Eleventh Amendment states that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI; *see Hans v. Louisiana*, 134 U.S. 1 (1890) (states are immune from suits in federal court initiated by plaintiffs, regardless of their citizenship).

Defendant is "a state agency" of the State of Florida. *See Geer v. Harkness*, No. 04-13909, 134 Fed. Appx. 312, 313 n.2 (11th Cir. May 25, 2005) ("the Florida Bar is a state agency"); *Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1152-53, 1155 (11th Cir. 1993) (adopting district court's finding that the Florida Bar is "a state agency for Eleventh Amendment purposes" and affirming dismissal of 28 U.S.C. § 1981 claim) (citation omitted); *see generally* FLA. CONST. art. V, § 15 ("The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice

of law and the discipline of persons admitted."). Accordingly, Defendant is "immune from suit unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *See Murray*, 149 Fed. Appx. at 774 (citing *Harris v. Owens*, 264 F.3d 1282, 1290 (10th Cir. 2001)).

There is no suggestion that Defendant waived its immunity, or otherwise consented, to the case at bar. (*See* Compl.; Def.'s Mem. Supp. Mot. to Set Aside Default at 17-18 (arguing that it is absolutely immune from the instant case).) Moreover, it is "well-established" that "[28 U.S.C.] § 1983 does not abrogate a state's Eleventh Amendment immunity." *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Defendant - as an agency of the State of Florida - is therefore immune from suit and the instant action must be dismissed for lack of subject matter jurisdiction. *See id.* (affirming district court dismissal for lack of subject matter jurisdiction where plaintiff sued the State of Colorado on a 28 U.S.C. § 1983 civil rights claim). *See also State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) ("A federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings.").

**IV.  Conclusion.**

The Defendant's Motion to Set Aside Entry of Default is **granted** and, because this Court lacks subject matter jurisdiction, Plaintiff's Complaint is **dismissed** with prejudice.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**

5